UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 19-203-DOC (KS)                                        Date: February 5, 2019

Title    *Terry Jordan v. Ralph Diaz*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

|  Chris Silva  |  N/A  |
|  Deputy Clerk  |  Court Reporter / Recorder  |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER GRANTING REQUEST TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PETITIONER TO SHOW CAUSE RE: DISMISSAL**

On January 22, 2019, Terry Jordan ("Petitioner"), a California state prisoner who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus By A Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") (Dkt. No. 1) and a Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). **IT IS HEREBY ORDERED that Petitioner's Motion to Proceed *In Forma Pauperis* is GRANTED.**

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules") requires that a petitioner seeking relief under 28 U.S.C. § 2254 must name the "state officer who has custody" as the respondent. Habeas Rule 2(a). The proper Respondent is usually the warden of the facility where the petitioner is currently housed. *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Here, the Petition identifies the Respondents as Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation, and the California Attorney General. (Dkt. No. 1.) Neither individual is a proper respondent under Section 2254, and "[f]ailure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d. at 360.

Accordingly, the Petition is subject to dismissal for lack of personal jurisdiction. However, in the interests of justice, Petitioner is **ORDERED TO SHOW CAUSE on or before March 7,**

**2019** why the action should not be dismissed.[1]  To discharge this Order, Petitioner must file, no later than the March 7, 2019 deadline, **one of the following:**

  (1) a First Amended Petition For Writ of Habeas Corpus By A Person in State Custody (28 U.S.C. § 2254) that identifies the Respondent as the custodian of the facility where Petitioner is currently held; OR

  (2) a signed document entitled "Notice of Voluntary Dismissal" pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**Petitioner is explicitly cautioned that failure to timely comply with this Order and file either a First Amended Petition or a signed "Notice of Voluntary Dismissal" may result in a recommendation that this action be dismissed.**

   The Clerk is directed to include with this Order a copy of the Central District's standard Petition For Writ of Habeas Corpus By A Person in State Custody (28 U.S.C. § 2254).

   **IT IS SO ORDERED**.

|  | 0 : 00 |
|---|---|
| **Initials of Preparer** | CSI |

---

[1] *Pro se* petitioners should be granted leave to amend their petitions to reflect the proper respondent.  *See Dubrin v. California*, 720 F.3d 1095, 1100 (9th Cir. 2013).